UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEOLIA TRANSPORTATION, INC.

    Plaintiff,                               Case No.: 2:09-CV-14162-PJD-MAR
                                          HON. PATRICK J. DUGGAN

v.

ENJOI TRASPORATION, LLC

    Defendants.

| Honigman Miller Schwartz and Cohn, LLP | N.R. Wright & Associates, PLC |
|---|---|
| John D. Pirch (P23204) | Nikki R. Wright (P52908) |
| Sean F. Crotty (P64987) | Attorney for Defendant Enjoi Transp. |
| Attorneys for Plaintiff | 3031 West Grand Blvd., Suite 425 |
| 2290 First National Building | Detroit, MI 49202 |
| Detroit, MI 48226 | (313) 556-9800 |
| (313) 465-7000 | nikkiwright4@comcast.net |
| jdp@honigman.com | |
| sfc@honigman.com | |

## STIPULATED PROTECTIVE ORDER

At a session of said Court, held in the
United States Courthouse, in the City of
Detroit, State of Michigan
On February 12, 2010.

PRESENT: HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

The parties having represented that discovery in this lawsuit may involve each party's confidential commercial information, the parties having stipulated to the entry of this Order, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

1. In responding to a request for discovery, the producing party may designate for confidential treatment pursuant to this Protective Order, any document, testimony or other information that the designating party, in good faith, considers to be reflective or revealing of the party's own trade

secret or other confidential personal or proprietary information in accordance with Fed. R. Civ. P. 26(c) ("Confidential Material").

2. The designation of discovery material as Confidential Material for purposes of this Protective Order shall be made in the following manner:

    (a) With respect to documents or other materials apart from depositions or other pre-trial testimony and interrogatory responses, by affixing, at the time of copying, the legend "Confidential" to each page containing any Confidential Material;

    (b) With respect to depositions or other pre-trial testimony: either by a statement on the record by counsel at the time of disclosure or by notifying counsel for all parties in writing (either delivered by hand or by Certified Mail Return Receipt Requested), within thirty (30) days after receipt by counsel for the deponent or witness of the certified transcript of such deposition or other pre-trial testimony. The legend "Confidential" shall be affixed to the first page of the original transcript containing Confidential Material and to the first page of all copies of such transcript. Only those portions of each transcript designated as Confidential on the record or in writing within thirty (30) days as set forth herein, shall be deemed Confidential Material. All transcripts of depositions or other pre-trial testimony shall be deemed to be Confidential Material until the end of the thirtieth day after the receipt by counsel for the deponent or witness of the certified deposition transcript unless otherwise specified in writing or on the record of the depositions; and

    (c)  with respect to interrogatory responses: by stating in the interrogatory response that it contains Confidential Material. Only those interrogatory responses designated as containing Confidential Material shall be deemed confidential.

  3.  Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only in to the following persons:

    (a)  the parties and their outside and in house counsel who represent the parties in this action and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Protective Order, to the extent that providing access to those persons is necessary for prosecution or defense of the litigation;

    (b)  consultants or experts assisting counsel for the parties in this action;

    (c)  actual or potential deponents or witnesses in this action and their counsel, during the course of or to the extent necessary in preparation for deposition or trial testimony in this action or to the extent necessary to determine whether they are proper, deponents or witnesses in this actions;

    (d)  representatives of the parties to the extent necessary; and

    (e)  the Court and court reporters employed in connection with this action.

  4.  Counsel for any party filing with or submitting to the Court any Confidential Material, or any papers containing, reflecting, revealing such material, shall file with the documents a notice that the documents are subject to this Protective Order, identifying this Protective Order by date, and shall submit such documents to the Clerk under seal.

  5.  Entering into this Protective Order, producing or receiving Confidential Material (or agreeing to do so), and/or otherwise complying with this Order shall not:

(a) operate as an admission that any material designated as Confidential Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of a producing party to object to the production of documents, testimony or other material that such party considers not subject to discovery; or

(c) prevent the parties to this Protective Order from agreeing in writing to amend, alter or waive the provisions or protections provided herein with respect to any particular material.

6. With the exception upon restrictions set forth above for court filings under seal, this Protective Order has no effect upon and shall not apply to (a) any producing party's use of its own Confidential Material for any purpose; or (b) the trial of this action or court proceedings at or during trial.

7. During the pendency of this action, when any document, testimony or other information is designated as Confidential Material, any party may object to the designation within 45 days of receiving notice of the designation as Confidential by receipt of the document designated as such, or the objection is deemed waived. If an objection to a Confidential designation is made, the party seeking to maintain the designation may bring a Motion before the Court pursuant to the Federal Rules of Civil Procedure to maintain and preserve the Confidential designation. Any Motion to Maintain Confidential Designation shall be filed with the Court within 45 days of receipt of the written objection to the designation. During the 45 days after receipt of the written objection and while such Motion is pending, the document, testimony or other information in question shall be treated as Confidential Material as directed by the designating party, pursuant to this Protective Order. The producing party shall have the burden of persuading the Court that good cause exists for the designation of the material as "Confidential Material".

8. This Protective Order may be modified by further Order of the Court on good cause shown and with notice to all parties to this action or by agreement of the parties.

9. At the conclusion of this litigation, all copies of the Confidential Material shall be either destroyed or returned to counsel for the producing party.

10. This Protective Order is binding as the undersigned attorneys and the party(ies) they represent.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: February 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2010, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

Approved As To Form
and Content:

| | |
|---|---|
| s/Sean F. Crotty | /s/Nikki R.Wright |
| Sean F. Crotty (P64987) | Nikki R. Wright (P52908) |
| John D. Pirich (P23204) | Counsel for Defendants |
| Attorneys for Plaintiff | 3031 West Grand Blvd |
| 2290 First National Building | Suite 425 |
| Detroit, MI 48226 | Detroit, MI 48202 |
| (313) 465-7000 | (313) 556-9800 |
| jdp@honigman.com | nikkiwright4@comcast.net |
| sfc@honigman.com | |

DETROIT.4045342.2