UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEOLIA TRANSPORTATION, INC.,

    Plaintiff,

v.                                             Case No. 09-14162
                                                Honorable Patrick J. Duggan

ENJOI TRANSPORTATION, LLC,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 12, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter presently is before the Court on a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h) filed by Defendant Enjoi Transportation, LLC ("Enjoi") on August 30, 2010. Enjoi seeks reconsideration with respect to this Court's August 17, 2010 opinion and order which *inter alia* granted in part and denied in part Enjoi's motion for summary judgment. On September 7, 2010, this Court issued a notice informing the parties that it would permit Plaintiff Veolia Transportation, Inc. ("Veolia") to submit a response to the motion if it wished to do so. Veolia filed a response on September 21, 2010. For the reasons that follow, the Court denies the motion.

Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. *Id*. A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

In its motion for reconsideration, Enjoi contends that the Court committed a palpable defect in concluding that it did not need to decide whether a contract between Veolia and the City of Detroit ("City Contract") was void in order to decide Veolia's claims against Enjoi. This Court finds no defect in its conclusion. Enjoi's primary argument in its summary judgment motion was that the contract between Veolia and Enjoi ("Enjoi Contract") is void because the City Contract is void due to illegality (i.e. failure to obtain a Certificate of Authority as required under Michigan's Limousine Transportation Act and/or Motor Bus Transportation Act) or because it is against public policy. This Court found and still finds no authority for reaching that conclusion.

Moreover, the Enjoi Contract did not require Veolia to provide transportation services; rather, it required Veolia to pay Enjoi in exchange for the latter's staffing of a call center. Contrary to Enjoi's argument in its motion for reconsideration, this Court does not interpret Michigan's Limousine Transportation Act or Motor Bus Transportation Act as requiring a Certificate of Authority to conduct dispatch services. Therefore, Enjoi has not presented an argument for finding the Enjoi Contract, itself, void.

Enjoi also argued in its summary judgment motion that Veolia is precluded from

obtaining damages against Enjoi if the City Contract is declared void and that, therefore, Veolia's claims must be dismissed. Even assuming that the voidance of the City Contract could impact the amount of damages to which Veolia is entitled if it prevails, the Court cannot conclude that it precludes *all* of its damages. *See, e.g., Northern Plumbing and Heating, Inc. v. Henderson Bros., Inc.*, 83 Mich. App. 84, 93, 268 N.W.2d 296, 299 (1978).

Finally, Enjoi also argues in its motion for reconsideration that the Court committed a palpable defect when it noted in its opinion and order that, in the separate lawsuit between the City of Detroit and Veolia, "the City, in its Answer to the Complaint, does not challenge the legality of the contract." (Doc. 43 at 13 n.4.) Enjoi points out that the City of Detroit filed a motion on July 19, 2010, seeking to amend its answer to allege that Veolia did not have Certificates of Authority to provide transportation services in the State of Michigan (i.e. the basis for Enjoi's claim that the City Contract is void).

While Enjoi is correct, Judge Roberts did not actually grant the City of Detroit leave to amend its answer until *after* this Court issued its decision. Order, *Veolia Transp. Servs., Inc. v. The City of Detroit*, Case No. 09-14367 (E.D. Mich. filed Aug. 26, 2010) (Doc. 29). Moreover, as Veolia indicates in its response brief, the City of Detroit has not amended its pleadings to delete its initial assertion that it has a valid and enforceable contract with Veolia. *See,* First Am. Counter-Compl. ¶ 52, *Veolia Transp. Servs., Inc. v. The City of Detroit*, Case No. 09-14367 (E.D. Mich. filed Aug. 27, 2010) (Doc. 31); Am. Answer ¶ 9, *id*. (E.D. Mich. filed Aug. 27, 2010) (Doc. 30). Finally, for the reasons set

forth above, it is irrelevant to the disposition of Enjoi's motion for summary judgment whether the City of Detroit has asserted this defense in its lawsuit with Veolia. If the City of Detroit's failure to assert this defense had been determinative, the Court certainly would not have relegated the point to a footnote in its opinion and order.

Based on the above reasons, this Court does not find a palpable defect in its August 17, 2010 opinion and order, the correction of which would result in a different disposition of this case.

Accordingly,

**IT IS ORDERED**, that Defendant Enjoi Transportation, LLC's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
John D. Pirich, Esq.
Sean F. Crotty, Esq.
Nikki R. Wright, Esq.